Frank Stalleto *v.* Plumley & Sargent.

January Term, 1913.

Present: Rowell, C. J., Munson, Watson, Haselton, and Powers, JJ.

Opinion filed February 13, 1913.

*Cutting Timber—Contract Terminated by Defendants—Plaintiff's Right of Recovery—Evidence—Sufficiency—Instructions—Exceptions—Sufficiency.*

Evidence that, without fault on plaintiff's part, defendants told him to stop further work under a contract, which he accordingly did, tended to show that defendants forced him to abandon the contract.

In assumpsit for cutting timber, where the trial proceeded on the theory that the timber cut on the land of an adjoining owner should be taken into account, adjusted, and treated the same as the other cutting, except as to the issue whether plaintiff cut over through his fault or that of defendants, as to which the testimony was conflicting, and there was evidence as to the damage to defendants because of cutting the adjoining timber improperly, and the claim that plaintiff was not entitled to pay for cutting that timber was first made in argument to the jury, the court properly

denied defendants' requested instruction that plaintiff could not recover for that cutting.

In assumpsit for cutting timber, where the case was tried on the theory that the timber cut on the land of an adjoining owner, without plaintiff's fault, should be taken into account and adjusted the same as the other timber, and plaintiff's testimony tended to show that the cutting over the line was due to defendants' fault, the court properly denied defendants' requested instruction that they were entitled to retain a reasonable sum of money for their own protection in respect of defendants' act in cutting over the line.

In general assumpsit for cutting timber under a written contract that plaintiff claimed, and his evidence tended to show, defendants had terminated before its completion, and without his fault, the court properly denied defendants' requested instruction that, under the contract, the pay for cutting would become due within a reasonable time after the cutting, and that it was for the jury to say what was a reasonable time, as that assumed the contract to be still in force.

An instruction that rehearsed plaintiff's testimony on direct examination in respect of a controlling issue, without referring to his inconsistent statements on cross-examination, in effect excluded the latter from the consideration of the jury, and was therefore erroneous.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at the December Term, 1911, Windsor County, *Taylor,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*W. W. Stickney, John G. Sargent, Homer L. Skeels* and *Ernest E. Moore* for the defendants.

*Julius A. Wilcox* and *C. V. Poulin* for the plaintiff.

ROWELL, C. J. General assumpsit. The plaintiff, as shown by his specifications, seeks to recover for work and labor done and performed by him for the defendants in cutting and peeling pulp wood, as per a written contract between them, dated May 8, 1911; and for cutting ten cords of hard wood under the same contract.

The contract called for the cutting by the plaintiff of all the hard wood and soft wood trees on three certain lots in Chester, in varying quantities in specified times. The plaintiff stopped work before the completion of the contract, and seeks to recover, not upon the contract, but for what he has done under the contract, claiming that the defendants, without his fault, put an end to it.

The defendants moved for a verdict, for that the plaintiff, not having shown performance of the contract on his part, was not entitled to recover anything in an action of general assumpsit, he not having shown that he was forced to abandon the contract by reason of any act or failure of the defendants, the only evidence being that they told him not to cut another stick on the Woodbury-Barnard lot, which adjoined one of the defendants' lots mentioned in the contract, but which they did not own.

This motion was properly overruled, for the plaintiff's evidence tended to show that without fault on his part the defendants told him to stop further work under the contract, which he accordingly did, and his claim was that the defendants having thus put an end to the contract, he was entitled to recover as much as he merited for work done under it. This position was impregnable against the assault of the motion.

The defendants requested the court to charge that the plaintiff could recover nothing for cutting on the Woodbury-Barnard lot. It appears from the charge that this claim was first made in argument to the jury. But the court held that the defendants were not warranted in taking this position at that stage of the case, because the trial had proceeded upon the theory that that cutting was to be taken into account and adjusted, and considerable evidence had been introduced tending to show what the damage was by reason of cutting that wood improperly, and as to its being cut into pulp wood when it was more suitable for saw timber, and that the defendants directed the plaintiff to go ahead and complete the cutting of what was felled, and peel and pile it under the contract. So the court treated the cutting on the Woodbury-Barnard lot, as the case was conducted, the same as it treated the other cutting, except as to why the plaintiff cut there—whether it was his fault or the defendants' fault, as to which the testimony was conflicting. This request, therefore, was properly denied.

The defendants also requested the court to charge that they were entitled to retain a reasonable sum of money for their own protection, for otherwise money might have become due and payable to the plaintiff by reason of his cutting over the line. But the court could not comply with this request, because, if for no other reason, plaintiff's testimony tended to show that it was not his fault but the defendants' that he cut over the line.

The defendants also requested the court to charge that under the contract the pay for cutting would become due from time to time within a reasonable time after the cutting, and that it was for the jury to say what was a reasonable time. But this request is not tenable because it assumes that the contract was still in force, whereas the plaintiff's claim is, as we have pointed out, that it was abrogated by the wrongful act of the defendants; and this, his testimony tended to show.

It appeared that about the first of August it was discovered that the plaintiff was cutting on the Woodbury-Barnard lot, which was outside the territory covered by the contract. The plaintiff's evidence tended to show that when that was discovered the defendant Sargent told him to stop cutting, and that thereupon he did stop. The defendants' evidence tended to show that what was said was, that the plaintiff should stop cutting up there, but should finish cutting up the trees that were cut down, and peel and pile that, and then go down to the land covered by the contract and finish up the job. The court told the jury that they would first have to determine just how this thing happened and what was said. The court then put it to the jury to find whether the plaintiff understood from what was said, and had a right to understand, that the defendants ordered him to do no more work under the contract, because it must amount to that in order to justify the plaintiff in stopping at that time and failing to complete the contract. The court did not charge further nor otherwise on that subject.

The defendants excepted to this part of the charge for that the court had no right to quote or rehearse to the jury one part of Sargent's testimony and that alone; and for that the court had no right to quote the testimony of the plaintiff as to what Sargent said when he came onto the lot and discovered that the plaintiff had got over the line, without quoting the testimony of the plaintiff further on, because it did not allow the

jury to take into consideration the reason the plaintiff himself gave, which was inconsistent with such position.

But while the language of this exception is inapt and somewhat obscure, we think it clear enough to give the court to understand that the defendants were thereby claiming that its charge was erroneous in not calling the attention of the jury to what the plaintiff said on cross-examination, to the effect that he stopped cutting because he did not get his pay when he wanted it; and on cross-examination he gave that more than once as his reason for stopping. He also said that he stopped because the bark on the other lots would not peel it had got so late,

Now, as the court told the jury, it was necessary to recovery that the plaintiff should have understood, and have had a right to understand, that the defendants ordered him to do no more work under the contract, and, in effect, that he should have quit the job for that reason. But in determining that question the jury was virtually confined by the charge to what was said on the lot as above stated, and to the way it was said and the circumstances in which it was said. This amounted to excluding from the consideration of the jury what the plaintiff said on cross-examination about quitting because he was not paid and because the bark would not peel. If this had been brought to the attention of the jury in connection with what was said on the lot and how the plaintiff understood that, it might have been found that he did not quit because the defendants told him to, but because he had not been paid, which would have defeated recovery, as the case was put to the jury. Here is reversible error.

*Judgment reversed and cause remanded.*